UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DELMETRIC DOWLING,

    Plaintiff,

v.              Case No. 3:17-cv-1034-J-34MCR

S. CACHEN, et al.,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Delmetric Dowling, an inmate of the Florida penal system, initiated this action on August 31, 2017, by filing a letter (Doc. 1) to the "Federal State Attorney." In the letter, Dowling complains about the conditions of confinement at Florida State Prison. He asserts that staff in the mail room tampered with his legal mail. As relief, he requests that a prosecutor charge the Defendants (S. Cachen, Thompson, P. Price, P. Goodman, Rhonda Smith, and Tammy Gibson) with theft.

To the extent Dowling is requesting that this Court criminally charge the Defendants for tampering with his legal mail, this Court has no authority to file criminal charges or to direct that charges be filed against any prison officials. The proper avenue to seek

such relief is for Plaintiff to contact the State Attorney's Office, Eighth Judicial Circuit, in and for Union County, Florida, if appropriate. State Attorney William P. Cervone is the constitutional officer charged with representing the State of Florida in courts within the Eighth Judicial Circuit, a circuit comprised of Alachua, Baker, Bradford, Gilchrist, Levy, and Union counties. Additionally, to the extent Dowling requests that this Court reprimand the Defendants and/or terminate their employment, this Court does not have the authority to reprimand a prison employee and/or terminate the officer's employment with the penal institution.

Moreover, the Court has approved the use of a prescribed form for civil rights actions filed by prisoners pursuant to 42 U.S.C. § 1983. The form requires a plaintiff to include detailed information regarding the defendants he intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff seeks. Dowling has neither filed a complaint nor provided the Court with the information required by the civil rights complaint form.

In light of the foregoing, this case will be dismissed without prejudice to Plaintiff's right to properly initiate a civil rights case on the enclosed form and address any allegedly unconstitutional conditions of his confinement, if he elects to do so.

Therefore, it is now

**ORDERED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to refile on the proper forms.

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

3. The Clerk shall send a civil rights complaint form (with the accompanying instructions) and an Affidavit of Indigency form to Plaintiff. If he elects to refile his claims, he may complete and submit the proper forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In initiating such a case, Plaintiff should either file a fully completed Affidavit of Indigency (if he desires to proceed as a pauper) **or** pay the proper filing fee (if he does not desire to proceed as a pauper).

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of September, 2017.

MARCIA MORALES HOWARD
United States District Judge

sc 9/6
c:
Delmetric Dowling, #379653